Irene Karbelashvili, State Bar Number 232223
Law Office of Irene Karbelashvili
12 South First Street, Suite 413
San Jose, CA 95113
Telephone: (408) 295-0137
Fax: (408) 295-0142

Kenneth J. Pinto, State Bar Number 221422
Law Office of Kenneth J. Pinto
12 South First Street, Suite 713
San Jose, CA 95113
Telephone: (408) 289-1765
Fax: (408) 289-1754

Attorneys for RICHARD JOHNSON, Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOHNSON,<br>　　　　　Plaintiff,<br><br>vs.<br><br>MARIO A. PIERGALLINI, an individual, and KAREN L. PIERGALLINI, an individual, collectively d/b/a BLOSSOM VALLEY VALERO; and DOES 1-10, Inclusive,<br>　　　　　Defendants. | *Case No. 5:14-CV-00814-RMW*<br><br>*Civil Rights*<br><br>*FIRST AMENDED COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, PER FEDERAL AND CALIFORNIA STATUTES (INCLUDING CIVIL CODE §§ 51, 52, 54, 54.1, 54.3, AND § 55; AND HEALTH & SAFETY CODE §§ 19955 ET SEQ.); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990* |

*DEMAND FOR JURY TRIAL*

## I. INTRODUCTION

Plaintiff Richard Johnson ("Plaintiff") brings this civil rights action against Defendants Mario A. PIERGALLINI, an individual, and Karen C. PIERGALLINI, an individual, collectively d/b/a Blossom Valley Valero ("Defendants"), for failing to make the gas station, known as Blossom Valley Valero (the "Gas Station") and located at 14000 Blossom Hill Road, Los Gatos, California, accessible to individuals who use wheelchairs or other mobility devices, in violation of the Americans with Disabilities Act ("ADA"). 42 U.S.C.§§ 12181-12189 and related California Statutes. Plaintiff seeks declaratory and injunctive relief requiring Defendants to remove architectural barriers at the Gas Station, statutory damages, general damages, and attorneys' fees and costs.

## II. JURISDICTION AND VENUE

1. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, for ADA claims.

2. This court has supplemental jurisdiction for claims brought under parallel California law, arising from the same nucleus of operative facts, predicated on 28 U.S.C. Section 1367.

2. Plaintiff's claims are authorized by 28 U.S.C. §§2201 and 2202 and 42 U.S.C. § 12188.

4. All of Defendants' actions complained of herein have taken place within the jurisdiction of the United States District Court for the Northern District of California. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## III. PARTIES

5. Plaintiff is a resident of Los Gatos, California. He is a paraplegic and uses a wheelchair to ambulate. Consequently, Plaintiff is physically disabled as defined by as defined under

---

First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Department of Justice regulation 28 C.F.R. §36.104 and California Government Code § 12926, and a member of the public whose rights are protected by these laws.

6. Defendants Mario A. PIERGALLINI, an individual, and Karen C. PIERGALLINI, an individual, are owners, operators, managers, trustors, lessors and/or lessees of the Gas Station referenced above. The Gas Station is a sales or retail establishment as defined under Title III of the ADA, 42 U.S.C. § 12181 7 (F), and California civil rights laws. Cal. Civ. Code § § 51 *et seq.*, and Health & Safety Code § 19955 *et seq.* The Gas Station is open to the public, intended for nonresidential use and its operation affects commerce.

7. Does 1 through 10 are sued under their fictitious names because Plaintiff is unaware of their true identities. Leave to amend will be sought when their true identities are learned. Plaintiff alleges on information and belief that Does 1 through 10 are legally responsible for the wrongdoing alleged herein.

## IV. *FACTS*

8. Plaintiff lives nearby and stops often at the Gas Station to buy gasoline. On January 21, 2014 he stopped at the Gas Station to buy snacks or treats and to possibly use the men's restroom because it was close to his home and in a convenient location. However, when he was trying to park his wheelchair accessible van he noticed that it did not look as if it was marked properly in terms of striping and visual signage.

9. When he exited his van, Plaintiff saw that there was a noticeable gap near the ramp that looked as if it might make the approach to the ramp or to get on to or off the ramp difficult or hazardous. Furthermore, the ramp appeared a bit narrow and gave Plaintiff concern that if his wheelchair was not properly lined up he might topple off the ramp. After going inside of the store Plaintiff thought about using the men's restroom but after looking in the direction of the men's restroom he thought that the door looked very narrow. As a result of that observation he decided it might be too difficult or embarrassing to try to enter

First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 3 of 11

the restroom in his wheelchair, so he decided to just wait until he went home causing him temporary discomfort.

10. Plaintiff paid for his candy and went to leave. Plaintiff found that he had difficulty navigating around the area of the door and also in opening the door. Plaintiff ultimately had to be assisted by the store clerk to open the door and to it keep the door open while he exited the store.

11. All of these barriers to access render the premises inaccessible to and unusable by physically disabled persons. Such architectural barriers include, but not limited to:

- Parking access aisle not painted correctly;
- Parking sign is obstructed;
- Parking surface slope over 2%;
- Access aisle has vertical changes over ½";
- Access aisle has horizontal gabs over ½";
- Ramp is less than 48" wide;
- Bathroom door is less than 32" wide;
- Bathroom door requires key entry;
- Bathroom door signage has no correct ADA signage;
- No path of travel from fuel dispensers to front door;
- No operational communication between fuel dispensers and clerk.

These barriers (both physical and intangible) interfered with, if not outright denied, Plaintiff's ability to use and enjoy the goods, services, and privileges offered at the facility.

12. To date, Defendants have refused to make the facilities, including the restroom facilities, accessible to Plaintiff or bring them into compliance with ADA Architectural Guidelines ("ADAAG"). Defendants knew that these elements and areas of the Gas Station were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Defendants have the financial resources to remove these

First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 4 of 11

barriers from the Gas Station (without much difficulty or expense), and make the facility accessible to the physically disabled. To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

13. The Gas Station restroom facilities are not accessible to individuals who use wheelchairs. The doorway into the restroom is too narrow to allow Plaintiff's wheelchair to pass through the entrance.

14. Removal of existing architectural barriers at the Gas Station is readily achievable.

15. Plaintiff desires and would patronize the Gas Station, if the architectural barriers were removed.

## V. *FIRST CAUSE OF ACTION - DISCRIMINATION*

16. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 15 of this Complaint, and incorporates them herein as if separately repled.

17. Plaintiff is an individual with a disability as defined in Title III of the ADA. 42 U.S.C. § 12102 (2) C.F.R. § 36.104.

18. Defendants operate and own the Gas Station that is a public accommodation as defined in Title III of the ADA. 42 U.S.C. § 12181 7 (F).

19. Defendants, through their actions as outlined above, have violated the ADA by discriminating against individuals with disabilities, on the basis of their disability, in the full and equal enjoyment of the services, facilities and accommodations that it offers. 42 U.S.C. § 12182 (a).

20. Defendants, through their actions as outlined above, have denied Plaintiff the opportunity

First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 5 of 11

to participate in or benefit from the services, facilities and accommodations provided by Defendants. 42 U.S.C. § 12182 (b) (1) (A) (I); 28 C.F.R. § 36.202.

21. Defendants are discriminating against Plaintiff in violation of the ADA by refusing to remove architectural barriers that are structural in nature in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182 (b) (2) (A) (iv); 28 C.F.R. § 36.304.

## VI. *SECOND CAUSE OF ACTION*
**Americans with Disabilities Act of 1990 - Title III USC §12101 *et seq.***

22. Plaintiff incorporates the allegations contained in paragraph 1 through 20 of this complaint for this claim.

23. Title III of the ADA holds as a 'general rule' that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182 (a).

24. Defendants discriminated against Plaintiff by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Gas Station

25. The ADA specifically prohibits Failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12]82 (b) (2) (A) (iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense" Id. § 12182 (9).

26. Here, Plaintiff alleges that Defendants can easily remove the architectural barriers at the Gas Station without much difficulty and expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 6 of 11

27. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182 (b) (2) (A) (ii).

28. Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Gas Station, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these good, services, facilities, or accommodations.

29. Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

30. Plaintiff also seeks a finding from this Court (i.e., declaratory relief) that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act and Disabled Persons Act.

### VII. *THIRD CAUSE OF ACTION*
### Cal. Health & Safety Code §§ 19955 *et seq.*

31. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 30 of this Complaint, and incorporates them herein as if separately repled.

32. California Health & Safety Code §§ 19955 et seq. was enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with §4450) of Division 5 of Title 1 of the Government Code." Such public accommodations are defined as any "building, structure, facility, complex, or improved area that is used by the general public...," and includes restaurants and related sanitary facilities, shopping centers and related sanitary facilities, and

First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 7 of 11

curbs and sidewalks intended for public use. California Health & Safety Code § 19955.

33. Plaintiff alleges that the Gas Station underwent construction and/or alterations after January 1, 1982 that triggered access requirements under Title 24-2. Pursuant to Title 24-2, compliance with disabled access building standards and specifications is required whenever public accommodations, such as the Gas Station and its related facilities, undergo an "alteration, structural repair or addition."

29. Pursuant to the remedies, procedures, and rights set forth in Health & Safety Code § 19953, Plaintiff prays for judgment as set forth below.

## VIII. *FOURTH CAUSE OF ACTION - CALIFORNIA DISABLED PERSONS ACT*
### Cal. Civ. Code § 54 *et seq.*

34. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 33 of this Complaint, and incorporates them herein as if separately repled.

35. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

36. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

37. Both sections specifically incorporate (by reference) an individual's rights under the ADA. See California Civil Code §§ 54 (c) and 54.1 (d).

38. Here, Defendants discriminated against the physically disabled public - including Plaintiff by denying them full and equal access to the Gas Station. Defendants also violated

First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 8 of 11

Plaintiff's rights under the ADA, and, therefore, infringed upon or violated (or both) Plaintiff's rights under the Disabled Persons Act.

39. For each offense of the Disabled Persons Act, Plaintiff seeks actual damages' (both general and special damages), and not less than the statutory minimum damages of one thousand dollars ($1,000) for each offense, declaratory relief, and any other remedy available under California Civil Code § 54.3.

40. Plaintiff also seeks to enjoin Defendants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees incurred, under California Civil Code §§ 54, 3 and 55.

## IX. *FIFTH CAUSE OF ACTION - CALIFORNIA UNRUH CIVIL RIGHTS ACT*
### Cal. Civ. Code §51 *et seq.*

41. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 40 of this Complaint, and incorporates them herein as if separately repled.

42. California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

43. California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

44. California Civil Code §51 (f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 9 of 11

45. Defendants' aforementioned acts and omissions denied the physically disabled public, including Plaintiff, full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of his physical disability).

46. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

47. Plaintiff was damaged by Defendants' wrongful conduct, and seeks actual damages but not less than the statutory minimum damages of four thousand dollars ($4,000) for each offense.

48. Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code §52(a).

## IX. *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests:

1. That this Court issue an injunction pursuant to Title III of the ADA and Plaintiff related state law claims:

a) Ordering Defendants to alter their facilities to make such facilities readily accessible to and usable by individuals with disabilities; and

b) Prohibiting operation of Defendants' public accommodations and facilities until they provide full and equal access to physically disabled persons, and requiring that such access be immediately provided.

c) That this Court award general, compensatory, and statutory damages pursuant to the Unruh Act or, in the alternative, the Disabled Persons Act, in an amount within the jurisdiction of this court, and that these damages be trebled according to statute;

d) That this Court award special and consequential damages according to proof;

e) That this Court award attorneys' fees, litigation expenses and costs of suit, pursuant to

First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 10 of 11

Title III of the ADA, 42 U.S.C. § 12205; Cal. Civ. Code §§ 52, and 55; Cal. Health & Saf. Code § 19953; and Cal. Code of Civil Procedure § 1021.5;

f) Such other and further relief as the Court may deem just and proper.

Dated: 03-10-14

_____
Irene Karbelashvili, Attorney for Plaintiff
RICHARD JOHNSON

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

Dated: 03-10-14

_____
Irene Karbelashvili, Attorney for Plaintiff
RICHARD JOHNSON